IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 19-00191-KD-B |
| | ) |
| BOBBY RODGERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Bobby Rogers' motion for modification of his sentence (doc. 33). Upon consideration, and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

I. Background

In 2014, Rodgers was convicted and sentenced for the offense of mail fraud. See United States v. Rodgers, Criminal Action No. 13-00219-KD-C (S.D. Ala. 2013). He served his 21-month sentence and was released on conditions of supervision. Rodgers violated his conditions and was sentenced to serve three months confinement followed by 90 days in a residential treatment program with the Salvation Army. Rodgers was released, but again violated his conditions of supervision, in part, by committing a new offense. Specifically, the offense of felon in possession of a firearm. See United States v. Rodgers, Criminal Action No. 19-00191-KD-B (S.D. Ala. 2019).

On December 20, 2019, Rodgers was sentenced to 24-months for the revocation conviction and 33 months for the firearms conviction, to serve consecutively, for a total term of 57 months. Rodgers is now serving his sentence at FCI Beaumont Medium, in Beaumont, Texas. His release date is March 30, 2023.

II. Motion for modification of sentence

Rodgers moves the Court to modify his sentence because he is not receiving the drug abuse treatment or vocational programming necessary to better himself (doc. 33). He asks the Court to modify his sentence to allow him to serve 12 months residential treatment with the Salvation Army.

As grounds, Rodgers explains that "[b]ecause of the Covid-19, the BOP is keeping inmates inside our cells for 23½ hours per day, so programming and drug classes or school is shut down until the vaccine is" distributed (doc. 33, p. 2).  In addition, he states that he "will not get to enroll in RDAP or vocational" programs because "the list is too long and this Prison stays on lock down over rival Mexican gang fights" (Id.).  Rodgers asserts that by the time he is transferred to a prison where treatment and vocational programs are available, he may not have enough time left on his sentence to participate (Id.).  Rodgers argues that because he is not able to participate in drug abuse treatment or vocational programming, he "will be released with the same Meth addictions and no trade" which "sounds like failure all over again." (Id.).

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). "Generally, a court 'may not modify a term of imprisonment once it has been imposed' except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

Subsection 3582(c)(1)(A)(i) provides for a reduction of sentence where "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i).  However, these reductions much be "consistent with applicable policy statements issued by the Sentencing

Commission" (Id.).  Section 1B1.13 of the U.S. Sentencing Guidelines is the Policy Statement applicable to § 3582(c)(1)(A)(i).  The Policy Statement provides certain examples of extraordinary and compelling reasons for a reduction of sentence, but the reasons provided by Rodgers are not comparable to any of the examples. Therefore, reducing his sentence would not be consistent with the Policy Statement. Subsection 3582(c)(1)(A)(ii) provides for a reduction in sentence where the defendant is at least 70 years old, and other conditions are met. (Id.). Since Rodgers is 34 years old, he cannot obtain relief under this statute.

Subsection 3582(c)(1)(B) provides for modification of a sentence if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure".  Subsection 3582(c)(2) provides for modification of a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  Also, Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, based upon the reasons for modification as alleged by Rodgers, neither §§ 3582(c)(1)(B) and (c)(2) nor or Rules 35 or 36 provide a basis for the modification.  Since the relief he seeks is not available under the statute or the rules, the Court lacks jurisdiction to modify Rodgers' sentence.

**DONE** and **ORDERED** this 1st day of December 2020.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> CHIEF UNITED STATES DISTRICT JUDGE

3