IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Crim. Action No. 1:19-00191-KD-B |
| ) | |
| BOBBY WAYNE RODGERS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on the "Motion to Remove 922-G/Pertaining New Law of 11/2023" filed by Defendant Bobby Wayne Rodgers ("Rodgers") (Doc. 58). Because Rodgers moves the Court to vacate his conviction for the offense of felon in possession of a firearm, the Court construes the motion as brought pursuant to 28 U.S.C. § 2255. Upon consideration, and pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, the motion is **DISMISSED.** The Clerk is directed to mail a copy of this Order to Rodgers, Register Number 13560-003, USP McCreary, U.S. Penitentiary, P.O. Box 3000, Pine Knot, Ky, 42635.

I. Background

In 2014, Rodgers was convicted and sentenced for the offense of mail fraud. See United States v. Rodgers, Criminal Action No. 13-cr-00219-KD-C (S.D. Ala. 2013). He served his twenty-one month sentence and was released on conditions of supervision. Rodgers violated his conditions and was sentenced to serve three months confinement followed by ninety days in a residential drug treatment program. Rodgers was released, but again violated his conditions of supervision, in part, by committing a new offense, which led to the instant Indictment (doc. 1).

Rogers pled guilty to Count One charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He also waived his final revocation hearing. On December 20, 2019, he

1

was sentenced in both actions. As to Criminal Action No. 13-cr-00219-KD-C, he was sentenced to a term of imprisonment of twenty-four months with no supervision to follow. In Criminal Action No. 19-00191-KD, he was sentenced to a term of imprisonment of thirty-three months, to serve consecutive to the revocation sentence, and followed by three years of supervised release. Rodgers was released and his supervision began on June 16, 2023

In November 2023, a Petition for Warrant or Summons for Offender under Supervision was filed, an arrest warrant was issued, and Rodgers was arrested for violating his conditions of supervised release. Rodgers waived his final revocation hearing and on March 8, 2024, the Court revoked Rodgers's supervised release terms and sentenced him to a term of imprisonment of twenty-one months, with fifteen months of supervision to follow (doc. 57).

On June 27, 2024, Rodgers filed his "Motion to Remove 922-G/Pertaining New Law of 11/2023." (Doc. 58). Rodgers wrote: "Since my incarceration … New laws recently changed or up-dated has been brought to my attention concerning non-violent 'felon in Possession of Fire-arm' (922-g) and at this time, my record and charge of 922-G has no violence or threat of violence." (Id.). Rodgers continued: "Not having more education on this subject, I am unaware of my status or if I am eligible for this relief. Could this Court instruct me of steps needed to have this charge dropped?"

II. Analysis

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides for preliminary review by the court.  Subparagraph (b) states that the

> judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

28 U.S.C. foll. § 2255, Rule 4(b).

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States [...] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In his motion, Rodgers relies upon an unidentified new law allegedly effective November 2023, which he believes may allow the Court to vacate his § 922(g)(1) conviction because his underlying felony convictions were non-violent (Doc. 58).[1] Rodgers appears to have heard about the line of cases[2] following the decision in New York State Rifle & Pistol Association, Inc., v. Bruen, 142 S. Ct. 2111 (2022), wherein defendants challenged their § 922(g)(1) convictions on grounds that the statute violates the Second Amendment, either facially or as applied to the defendant.

However, the Court of Appeals for the Eleventh Circuit has held that the Bruen decision did not abrogate circuit precedent and that a challenge to a § 922(g)(1) conviction "based on the Second Amendment necessarily fails." United States v. DuBois, 94 F. 4th 1284, 1293 (11th Cir. 2024); See United States v. Johnson, No. 23-11885, 2024 WL 3371414, at *3 (11th Cir. July 11, 2024) ("Johnson cannot demonstrate plain error because he has not identified any on-point precedent from this Court or the United States Supreme Court holding that § 922(g)(1)'s prohibition on felons possessing firearms is unconstitutional" and that "[t]o the contrary, Johnson's constitutional argument is foreclosed by [circuit] precedent.") (citing United States v.

---

[1] According to the Indictment, his prior felony convictions were for breaking/entering a motor vehicle, receiving stolen property 1st degree (two convictions), theft of property 1st degree, and obstructing justice/false name (doc. 1).

[2] See United States v. Wooden, 2024 WL 5191342 (C.D. Ill. December 20, 2024) (collecting cases).

Dubois, 94 F.4th 1284 (11th Cir. 2024)). Thus, regardless of the procedural posture,³ Rodgers does not appear to be entitled to relief from his § 922(g) conviction.  See Dallas v. Warden, 964 F.3d 1285, 1307 (11th Cir. 2020) cert. denied, ⸺ U.S. ⸺, 142 S. Ct. 124, 211 L.Ed.2d 40 (2021)).  ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); Garrison v. United States, 73 F.4th 1354, 1359 n.9 (11th Cir. 2023) ("We offer no opinion on whether Garrison has procedurally defaulted his claim because we conclude that it fails on the merits.") (citing Dallas, 964 F.3d at 1307).

    III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 18 U.S.C. foll. § 2255, Rule 11(a). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

When the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove

---

³ In his plea agreement, Rodgers waived his right to direct appeal with certain exceptions. He also waived his right to challenge his conviction and sentence in a motion pursuant to 28 U.S.C. § 2255, but for a challenge based on ineffective assistance of counsel.  He did not file a direct appeal, and he has not filed a motion to vacate.

5

something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El, 537 U.S. at 338 (quotations omitted).

Upon consideration, certificate of appealability is DENIED. Rodgers has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find this Court's assessment of his constitutional claim "debatable or wrong." Slack, 529 U.S. at 484.

**DONE** and **ORDERED** this the 13th day of January 2025.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE